791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS M. HART, JR. Petitioner-Appellant,
v.
UNITED STATES OF AMERICA Respondent-Appellee.
 85-5031
 United States Court of Appeals, Sixth Circuit.
 4/23/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: MERRITT and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 
 1
 Petitioner appeals the order denying his 28 U.S.C. Sec. 2255 motion to vacate sentence. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is a federal prisoner serving a ten year sentence for rape of a thirteen year old girl in a National Park. He filed this pro se motion to vacate sentence under 28 U.S.C. Sec. 2255 alleging ineffective assistance of counsel. Petitioner alleged that his counsel, J. Anthony Farmer, threatened petitioner and his family to pay him $1,500.00 for a non-existent trip out of state to investigate the case, failed to ascertain petitioner's version of the facts, misled petitioner into pleading guilty, and failed to pursue viable defenses. The district court appointed counsel to represent petitioner and conducted a hearing. The court then denied the petition on the grounds that counsel was effective. We affirm.
 
 
 3
 Petitioner claims on appeal that attorney Farmer was ineffective because he failed to investigate and pursue a consent defense. To warrant setting aside a conviction for ineffective assistance of counsel, a habeas corpus petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to deprive petitioner of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984). The Strickland standard applies to ineffective assistance claims arising out of the plea process. Hill v. Lockhart, ---- U.S. ----. 106 S.Ct. 366 (1985). To demonstrate prejudice, the petitioner must show that there is a reasonable probability that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. Id.
 
 
 4
 Petitioner testified at the hearing that Farmer did not discuss the facts of the case with him and did not present the possibility of a consent defense. In his appellate brief, petitioner focuses on Farmer's failure to interview the doctor who examined the victim after the rape. The doctor's report stated that both motile (live) and non-motile sperm were found in the victim's vagina, indicating the possibility that the victim had had intercourse up to forty-eight hours before the alleged rape. Petitioner also points to the absence of vaginal injury to the victim as supporting a consent defense. Farmer testified that he read the doctor's report and believed that the presence of non-motile sperm and the absence of injury to the victim's genitals would not support a consent defense in light of the other circumstances of the case. He also testified that he had investigated the consent defense and discussed it with petitioner. Farmer testified that based on the FBI witness reports, petitioner's statements, and the medical report, a consent defense would very likely not succeed. The victim was a thirteen year old girl. Petitioner and two male companions confronted the victim, her sister, and a male cousin at 1:00 a.m. at their campsite in the Smokey Mountains National Park. Petitioner jumped on the hood of the victim's car and smashed out its headlights. Petitioner then told the girls to remove their clothes. The victim said 'not in front of my sister.' Petitioner and the victim went behind a rock and had intercourse. The medical reports state there was no injury to the victim's genitals. However, the reports state that the victim's arm was bruised, her vagina was red and swollen, there were numerous abrasions on her legs and back, blood on her leg, and black grit in her public area. The medical reports, the victim's age, and violent circumstances surrounding the intercourse support Farmer's conclusion that a consent defense was not viable. Under these circumstances, Farmer was not ineffective in failing to pursue a consent defense at trial. Counsel is not ineffective merely because he fails to raise every possible defense. Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984); see Bowen v. Folz, 763 F.2d 191 (6th Cir. 1985).
 
 
 5
 Plaintiff's second argument on appeal is that his guilty plea was not a voluntary and intelligent admission of guilt. A guilty plea is valid if it represents a voluntary and intelligent choice among alternative courses of action open to the defendant. Hill v. Lockhart, supra; see Baker v. United States, 781 F.2d 85 (6th Cir. 1986). A petitioner alleging that his guilty plea was involuntary because it was based upon advice of incompetent counsel must show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, supra. The Strickland standard applies in determining whether counsel was ineffective. Id. As discussed above, Farmer's advice to plead guilty based upon the unlikelihood that a consent defense would succeed was reasonable. In addition, when the alleged error is counsel's failure to advise petitioner of a possible affirmative defense, petitioner must demonstrate that the defense likely would have succeeded at trial to demonstrate counsel's error was prejudicial. Id. In this case, the consent defense was not viable. Petitioner's plea was not involuntary since he can demonstrate neither that Farmer's advice was incompetent nor that he suffered prejudice.
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).